ENTERED FEB 0 4 2015

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
Docket No. CV-13-44

AND-MGK- 12-31-14

KEVIN MARSTON,
RICHARD TREMBLAY,
SHERI MARSTON,
KATHY MADORE,
and ALBERT MARSTON,

Plaintiffs

RECEIVED & FILED

DEC 3 1 2014

ANDROSCOGGIN
SUPERIOR COURT

**DECISION**

v.

SHAWN THIBODEAU,
SCOTT RUSSELL,
RICHARD BARIL,
GAIL LAWRENCE, and
RICHARD BELANGER

Defendants

On May 19, 2014, the court held a trial on Plaintiffs' declaratory judgment action arising out of a schismatic dispute between two factions seeking control of the Fellowship Church (the "Church") in Greene, Maine. The Plaintiffs, claiming to be directors of the Church, have sued the Defendants who also claim to be the directors of the Church. The trial was held to determine who are the rightful directors of the Church under the law. Among the witnesses, the court heard from Plaintiffs Kevin Marston and Albert Marston and Defendants Shawn Thibodeau and Gail Lawrence. The court admitted a number of exhibits including the Church bylaws and articles of incorporation, which were stipulated to by counsel, as well as annual reports, and meeting minutes.

In *Graffam v. Wray*, the Law Court provided that "Disputes over church property . . . may be resolved in the civil courts." 437A.2d 627, 631 (Me. 1981). The Law Court cautioned, however, that "[i]n settling such disputes . . . the courts must not inquire into the underlying controversies about religious doctrine which may have led to the dispute." *Id.* 631-32. While

some of the pleadings in this matter indeed suggest that the underlying controversy between the parties is rooted in their diverse views regarding religious doctrine, the trial was limited to questions related to the Church as a non-profit corporation, thereby allowing the court to exercise jurisdiction.

The Declaratory Judgment Act provides:

> Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declarations shall have the force and effect of a final judgment or decree.

14 M.R.S.A. § 5953.

There is a rich history of personal commitment to the Church by its parishioners. It was clear at trial that all of the witnesses testified to the best of their ability. It was also evident that everyone involved in this case is driven by a sincere desire to see the best possible outcome for the Church. That said, it was often difficult to ascertain the exact path the Church followed because, the events testified to spanned, at minimum, over eight years; multiple groups within the Church were created and re-named; and, the bylaws were not always followed to the letter and sometimes not at all. The court has had to choose between competing narratives, based upon the evidence presented and witness credibility.[1] Accordingly, after listening to the testimony at trial, reviewing those portions of the pleadings applicable to the non-profit corporate status of the Church, and considering the exhibits, the court finds by a preponderance of the evidence the following facts:

The Church, which dates back to 1983, is located in Greene, Maine and is registered as a Maine non-profit corporation. At the time it was created, the ordained pastors were Robert Giguere ("Pastor Bob"), the primary pastor, and Richard Baril ("Pastor Baril").

---

[1] Although the Defendants moved for a directed verdict, the court determined that reviewing the evidence in its totality was the appropriate course.

2

The Church operates according to bylaws, is controlled by a Board of Directors, and does not have members. The articles of incorporation, which were filed on April 19, 1983, and Article II, Section 1 of the bylaws provide for a minimum of three and a maximum of five directors on the Board of Directors.

In 2004 Pastor Bob brought Kevin Marston on as a pastor. Through 2006, the Church operated with a Board of Directors. Votes were held for officers and directors. The directors elected in 2006 were: Pastor Bob as president and clerk, and Pastor Baril and Lucien Thibodeau as directors. Annual reports listing the directors and officers were filed regularly.[2] In 2007 Pastor Bob appointed Kevin Marston to the position of primary pastor and, although apparently no vote was taken, Kevin Marston was also named as president.

In his role as pastor, Kevin Marston created various teams to serve the Church. The names of the teams changed, leading to some confusion, but were variously known as the Fellowship Church Trustees, the Leadership Team, and the Pastoral Team. There were no votes taken by the Board of Directors regarding the team names or membership. The teams operated pursuant to rules created by Kevin Marston, rather than in accordance with the bylaws.[3]

Kevin Marston testified that while he was aware that the Church was a non-profit corporation, he was not aware of the bylaws until 2013. He believed the teams he created were the legitimate governing bodies for the Church. Conversely, other members of the Church, who were also members of these various teams, testified that they believed the entities created by Kevin Marston were concerned with the ecclesiastical and service aspects of the Church rather than its governance.

In June of 2011, Kevin Marston instituted new rules for the Leadership Team, the entity he considered to be the governing body of the Church. For Shawn Thibodeau, Scott Russell and Ryan Marshall, members of the Leadership Team who considered it to be ecclesiastical and

---

[2] It appears that Gail Lawrence was responsible for filing the annual reports, maintaining the Church's non-profit corporation status, through 2011.

[3] Although there was testimony by Kevin Marston that he, at a much later stage, attempted to create a Board of Directors, his efforts failed to comply with the bylaws.

3

service oriented as opposed to the governing body, the new rules proved to be too time consuming and onerous. Ultimately Shawn Thibodeau, Scott Russell and Ryan Marshall resigned from the Leadership Team and, from all accounts, the Leadership Team stopped meeting after their resignation. From September 2011 until October 2012, Kevin Marston was the only remaining Leadership Team member. In October of 2012, he created yet another Leadership Team with entirely different roles from the previous Leadership Team. He also subsequently created and appointed additional groups.

In an effort to maintain the Church's non-profit status, and in keeping with their governance roles, Shawn Thibodeau and Scott Russell saw to it that an annual report was filed in February of 2012 as required by statute. The annual report lists Kevin Marston, Shawn Thibodeau and Scott Russell as directors, Kevin as president, Scott as treasurer, and Shawn as secretary. The Maine Nonprofit Corporation Act requires that "The number of directors of a corporation shall not be less than 3." 13-B M.R.S.A. § 702(1).

Kevin Marston testified that he did not know about the annual reports and claimed that Pastor Bob should have advised him of their existence and the requirement that they be filed. The court finds this testimony is not credible.

On January 27, 2013, due to conflict within the Church, Pastors Bob and Baril officially terminated Kevin. Since Kevin Marston's removal from the Church, there has been discord over the composition of the Board of Directors.

On or about February 25, 2013, Shawn Thibodeau and Scott Russell sent Kevin Marston a Notice of Special Meeting of Directors that was to be held on March 4th in lieu of the annual meeting of directors. Kevin Marston attended briefly and then left. Shawn Thibodeau and Scott Russell, as the other two directors listed on the 2012 Annual Report, voted to appoint five new directors: Shawn Thibodeau, Scott Russell, Gail Lawrence, Pastor Baril and Richard Belanger. The new directors elected new officers.

Defendants ask that the court declare that they are the Church's current officers and directors. Plaintiffs, on the other hand, argue that in March of 2013 Shawn Thibodeau and Scott

4

Russell were not directors. This argument is supported in part by Kevin Marston's apparently self-serving effort on February 28, 2013, to send a Notice of Special Meeting of Directors to himself. At that meeting, scheduled and held on March 3. 2013, Kevin Marston appointed and elected officers.

Although the procedures undertaken by participants in the Church are indeed difficult to follow, the court concludes that after Kevin Marston became the primary pastor of the Church, the actions he took were not in compliance with Church bylaws. The bylaws provide that "directors and offers shall be elected by the directors. . . . [A]ll directors shall be elected to three-year terms." Article II § 2. Section 3 also provides "The officers and directors of the corporation shall hold office until their successors are chosen and qualified in their stead." At best, Kevin was woefully ignorant of the bylaws and his actions were fatally noncompliant. At worst, he was aware of the bylaws and simply chose to disregard them.

Accordingly, the court finds for the Defendants and **DECLARES** that the Defendants are the directors and officers of the Church.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: December 31, 2014

MaryGay Kennedy
Justice, Superior Court

5

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No   AUBSC-CV-2013-00044

DOCKET RECORD

KEVIN MARSTON   - PLAINTIFF

Attorney for: KEVIN MARSTON
ST    EN WHITING   - RETAINED
THE WHITING LAW FIRM, PA
75 PEARL ST
SUITE 207
PORTLAND ME 04101-4101

RICHARD TREMBLAY   - PLAINTIFF

Attorney for: RICHARD TREMBLAY
STEPHEN WHITING   - RETAINED
THE WHITING LAW FIRM, PA
75 PEARL ST
SUITE 207
PORTLAND ME 04101-4101

SHERI MARSTON   - PLAINTIFF

Attorney for: SHERI MARSTON
STEPHEN WHITING   - RETAINED
THE WHITING LAW FIRM, PA
75 PEARL ST
SUITE 207
PORTLAND ME 04101-4101

KATHY MADORE   - PLAINTIFF

At    ney for: KATHY MADORE
STEPHEN WHITING   - RETAINED
THE WHITING LAW FIRM, PA
75 PEARL ST
SUITE 207
PORTLAND ME 04101-4101

JOHN BAZINET   - PLAINTIFF

Attorney for: JOHN BAZINET
STEPHEN WHITING   - RETAINED
THE WHITING LAW FIRM, PA
75 PEARL ST
SUITE 207
PORTLAND ME 04101-4101

vs
SHAWN THIBODEAU   - DEFENDANT

Attorney for: SHAWN THIBODEAU
BRYAN DENCH   - RETAINED 04/05/2013
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
AUBURN ME 04210

S    RUSSELL   - DEFENDANT